986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III, Plaintiff-Appellant,
v.
Don B. VALLES, Defendant-Appellee.
 No. 92-2123.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. CV 90-3294-WDS; William D. Stiehl, Chief Judge.
 
 Order
 
 1
 Isiah Evans, a federal prisoner, seeks damages from Don Valles, a physician and member of the Public Health Service. According to Evans, Valles neglected to refer Evans for prompt surgery to correct his hernia; he contends that the delay has caused him pain, suffering, and disfigurement.
 
 
 2
 If this were an action for medical malpractice, then 42 U.S.C. § 233(a) would yield a ready answer: physicians in the Public Health Service are absolutely immune from damages in tort on account of actions "within the scope of [their] office or employment," and treating prisoners is part of that employment. So the district judge concluded, dismissing the action. Evans contends that § 233(a) does not apply to claims invoking the Constitution, so that he remains free to pursue litigation under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 3
 Such an argument could set the stage for an excursion into the interaction among § 233, the Westfall Act (on which see United States v. Smith, 111 S.Ct. 1180 (1991)), and the power of Congress to curtail Bivens actions (on which see Schweiker v. Chilicky, 487 U.S. 412 (1988), and Bush v. Lucas, 462 U.S. 367 (1983)). But we are not disposed to explore this territory, because to succeed on a constitutional theory Evans must show that Valles was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Neither the complaint nor any other document that Evans has filed suggests that the delay in performing surgery was other than a reasoned exercise of professional judgment.
 
 
 4
 Surgery is not an automatic, immediate response to a hernia. Just as an uncorrected hernia has its pains and risks, so does surgery. Although Evans believes that he is the best judge of the appropriate treatment of his condition, the Constitution does not entitle prisoners to collect damages from physicians whose diagnoses and recommendations they reject. Evans does not deny that he has received medical attention and care, including operations in December 1984 and April 1986. On examining Evans in February 1987, Valles concluded that the prior surgery had been unsuccessful, but that the resulting condition did not compromise Evans' blood supply and posed no immediate risk. Evans received a wrap to contain the hernia pending further treatment. In 1989 Valles referred Evans to a surgeon, who eventually (In August 1990) concluded that another operation was appropriate. The Bureau of Prisons provided Evans with this additional corrective surgery in October 1990. Prison officials are entitled to take care of emergency situations before scheduling what is, in the end, a form of elective surgery. Delay attributable to a disagreement about the appropriate course (and timing) of treatment does not violate the Constitution. Thus we bypass the theory on which the district court acted, and affirm its judgment on this alternative ground.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record